UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Alexis Quinn,

                    Plaintiff

v.

Samantha Gowette, et al.,

                    Defendants

Case No. 2:25-cv-001128-CDS-DJA

**Dismissal Order**

Pro se plaintiff Alexis Quinn, an inmate at Jean Conservation Camp, commenced this civil-rights action by filing a complaint along with an incomplete application to proceed *in forma pauperis* (IFP). ECF Nos. 1, 1-1. On September 5, 2025, U.S. Magistrate Judge Daniel J. Albregts denied Quinn's application and ordered Quinn to file a fully completed IFP application or pay the $405 filing fee by October 6, 2025. Order, ECF No. 3. Quinn was warned that failure to comply would result in a recommendation of dismissal. *Id.* at 2. Quinn subsequently requested additional time to comply, and the deadline was extended to October 31, 2025. ECF Nos. 4, 5. That deadline passed, and Quinn has neither paid the filing fee nor submitted a fully completed IFP application. Accordingly, Quinn's complaint is dismissed without prejudice.

I.    Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an

action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Quinn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting the required fees, and litigation cannot proceed without a plaintiff's compliance with court orders, the only viable alternative is to enter a second order setting another deadline. However, issuing a second order is futile because Quinn failed to update their address, making another order an ineffective and meaningless alternative in this circumstance. *Carey*, 856 F.2d at 1441 ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). No alternative sanctions are available because the court cannot contact Quinn to communicate them. This leaves the court with

2

two alternatives: dismiss the action or leave it pending indefinitely. There is thus no lesser alternative, so the fifth factor favors dismissal.

II.       Conclusion

IT IS HEREBY ORDERED that this action is dismissed without prejudice based on Quinn's failure to file a fully completed application to proceed *in forma pauperis* or pay the $405 filing fee in compliance with this court's orders.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: March 16, 2026

Cristina D. Silva
United States District Judge

3